United States District Court
District of Connecticut

SEP 0 4 2009

Cedric Young, pro-se
Plaintiff

vs.

Jeffrey McGill, Valerie Light, Scott Salius, McCormick, Roe, Prior, Mullen, Brace, Carson Wright, Wendy Sanders, and Kay – sued in their individual capacity only.
Defendants

Civil Action No.
(3:09-CV-1186)

Trial by Jury is Demanded

Date. August 25, 2009

Amended Complaint

## Jurisdiction and Venue

1) This is a civil action authorized by the Federal Civil Rights Act, Title 42 U.S.C. Section 1983. To redress the deprivation under color of state law, of rights secured by the Constitution of the United States. The court has jurisdiction under Title 28 U.S.C. Section 1343(a)(3).

2) The District of Connecticut is an appropriate venue under Title 28 U.S.C. Section 1391(b)(2) because it is where the events giving rise to this claim had occurred.

## Plaintiff

3) The plaintiff, Cedric Young is and was at all times mentioned in this complaint a sentenced prisoner of the State of Connecticut in the custody of the Department of Correction (reffered to as the "DOC"). He is currently confined at the Northern Correctional Inst. (referred to as the "NCI"), Somers CT. The plaintiff is a legal adult and resident of the State of CT.

-1-

Defendants

4) Defendants Jeffrey McGill is a warden, and Valeria Light is a Deputy Warden for programs and services, they are both high-ranking "NCI" prison administrators who at all times mentioned in this complaint, have supervisory legal authority over staff and all correctional officers assigned to the "NCI". Their address is Northern Corr. Inst. 287 Bilton Rd. Somers CT. 06071

5) Defendant Scott Salius is a Captain and Unit Manager of the 1 east unit within the "NCI", who at all times mentioned in this complaint has supervisory legal authority over any and all officers, and staff assigned to work in the 1 east unit. His address is Northern Corr. Inst. 287 Bilton Rd. Somers CT. 06071

6) Defendants McCormick, and Rae, are Lieutenants at the "NCI", who at all times mentioned in this complaint has legal authority over any and all officers within the "NCI". Their address is Northern Corr. Inst. 287 Bilton Rd. Somers CT. 06071

-2-

7) Defendants Prior, Mullen, and Brace, are all correctional officers within the "NCI", who at all times relevent to this complaint. Their address is Northern Corr. Inst. 287 Bilton Rd. Somers CT. 06071

8) Defendant Carson Wright is a physician at the "NCI" for UCONN-Correctional Managed health care, who at all times mentioned in this complaint has supervisory authority over all medical nurses within the "NCI". His address is Northern Corr. Inst. 287 Bilton Rd. Somers CT. 06071

9) Defendants Wendy Sanders, and Kay, are both medical nurses within the "NCI" for UCONN-Correctional Managed health care, were at all times relevent to this complaint. Their address is Northern Corr. Inst. 287 Bilton Rd. Somers CT. 06071

10) At all relevent times to this complaint the defendants, each of them were acting under color of state law, that is under the constitution statutes, laws, regulations, customs and usages of the state of CT.

### Facts
### Excessive and Unnecessary use of Force

11) On January 5, 2009, at or about 9:30AM the plaintiff was being escorted back from the medical unit with defendant officers Mullen, and Prior within the "NCI". However, as the defendant officers were walking down the hallway with the plaintiff a "verbal altercation" began and defendant Mullen threaten the plaintiff by saying "Come to the program block and I'll beat your ass!" And at that moment the plaintiff began to feel extremely nervous and very uncomfortable at this point, so the plaintiff asked him "why did he want to beat him up?" But defendant Mullen never answered the plaintiff, he just became very hostile.

-4-

And then as the defendants were about to enter the unit with the plaintiff they maliciously slammed his face into the wall causing him severe pain.

12) At that time several officers made their way in the direction of the plaintiff as he was now led in the unit. The plaintiff then asked to please speak with the unit manager defendant Salius, because he now feared for his safety and well-being, but instead of receiving a reply from the defendant officers the plaintiff was slammed against the dayroom glass.

13) Then as the plaintiff was led to his cell (105) his cellie (Derek Myers #242670) was told to get handcuff and go to shower (S12). Then without provocation the plaintiff was choked and violently slammed to the cell floor tremendous force by defendant officers Mullen, Broce, and Prior. The plaintiff suffered severe pain to his back, and a cut finger from his body hitting the floor.

-5-

14) The plaintiff was already secured in "full body restraints" which consists of handcuffs in the front, leg irons, and a tether chain connecting the leg irons to the shackles (hands) before being assaulted by the defendants officers.

15) Defendant Mullen maliciously and sadistically for the sole purpose of causing harm to the plaintiff - placed both his knees in the plaintiff's back and applied force which caused the plaintiff to scream in agony "that he is hurting his back - please stop." This also caused the plaintiff extreme terror as he could not breath properly - but defendant officer Mullen thought that this was amusing and he continued this violent act as the plaintiff laid prone on the floor with restraints on unable to stop him.

16) Defendant Prior maliciously and sadistically for the purpose of causing harm to the plaintiff - began choking and striking the plaintiff with a closed fist.

in the back of the head repeatedly. The plaintiff sustained a small knot to the back of the head- while he laid prone on the floor in restraints unable to stop defendant officer Prior.

17) Defendant Brace maliciously and sadistically for the purpose of causing harm to the plaintiff- began to dig his finger in the plaintiff's eye's, face, and jaw. This caused great pain to the plaintiff's eyes as he was lying prone on the floor in restraints unable to stop defendant officer Brace.

18) Defendants Lieutenants Mccormick, and Rae were also present in the cell (105) as the plaintiff was being violently assaulted by the defendant officers. Defendants Mccormick, and Rae failed to intervene, or attempt to stop the defendant officers from continueing their violent assault on the plaintiff until the video camcorder was present.

-7-

19) Defendants McCormick, and Rae instructed the defendant officers to place a "spit mask" over the plaintiff's head to make it seem as if he was hostile, aggressive, and uncontrolable. The plaintiff was then escorted to in-cell (102) by defendant officers Prior and Brace. Defendant McCormick was supervising the escort.

## Deliberate Indifference / Denial of Medical Care

20) The plaintiff requested medical treatment immediately for his injured back, head, jaw, eyes, finger, and he complained about not being able to feel either of his wrists. Defendant Nurse Kay deliberately failed and refused to examine and treat the plaintiff after being assaulted by the defendant officers.

21) Defendant Kay knew the plaintiff was injured and suffering extreme pain to his back, head, eyes, finger, jaw, and wrists. But defendant nurse Kay knowingly and intentionally left the plaintiff to suffer without providing him with necessary medical treatment for his injuries, which is required by the "DOC." policy and procedure.

## Cruel and Unusual Conditions of Confinement/ Excessive and Unnecessary use of Restraints

22) The plaintiff was placed on in-cell restraint status by defendants Mccormick and Rae. They directed defendant officer Prior to place restraints on the plaintiff, which he intentionally put on extremely tight instantly causing the plaintiff wrists, and fingers to go numb. The plaintiff complained to defendants Mccormick, Rae, and other officers about his restraints being tight on his wrists, but they deliberately ignored and refused to re-adjust the restraints.

23) The plaintiff was forced to remain on that status for 24 hours and during that time he suffered greatly due to the restricted movement allowed by the restraints for 10 hours. The plaintiff could not consume his meals and was forced to hold in his bowels for the entire 10 hours due to his inability to use toilet properly which caused the plaintiff to suffer severe discomfort and stomach pain and aches.

24) Then approximately 8:40pm defendant nurse Sanders who was also with an officer arrived at the plaintiff's cell to give him his medication, and that's when the plaintiff told defendant Sanders about his injuries, and the restraints being tight. Defendant Sanders then inspected the restraints and she said "Wow they are tight", and she had the officer readjust the restraints. But the plaintiff's injuries were not treated.

25) Directly, due to being assaulted by the defendant officers, the plaintiff suffered injuries to his face, jaw, soreness to his eyes, pain and injury to his back, wrists, back of the head, and a cut on the finger. Since being assaulted the plaintiff has suffered mental and emotional stress and worry.

## Conspiracy

26) Defendants McCormick, Roe, Mullen, Brace, Prior, Wright, Sanders, and Kay knowingly and intentionally entered into a conspiracy to deny and deprive

-10-

the plaintiff of the equal protections of the law.

27) Defendants Mccormick, Rae, Mullen, Broce, Prior, Wright, Sanders, and Ray very intentionally came together into a conspiracy with the specfic purpose of depriving the plaintiff of his rights to be free from cruel and unusual punishment by excessive use of force, excessive use of restraints and his right to adequate medical care and his right to be free from cruel and unusual conditions of confinement.

28) The defendants conspired with one another by submitting false incident reports, the defendants wrote their reports in such a way as to correspond with one anothers reports and make it seem as if the plaintiff's injuries did not exist, and that he was the aggressor and that they used necessary force in the incident. The defendants tried to very much conceal their own action and violations of the plaintiff's rights.

29) Defendant Wright wrote his medical reports in such a manner as to minimize the plaintiff's injuries and pain. Defendant Wright purpose in filing such a report was minimize the extent severity of the plaintiff's injuries and cover up for the defendant officers assault on the plaintiff, and defendant nurse Kay denying the plaintiff treatment.

30) Defendant nurse Sanders falsified her medical incident report during a routine medical inspection of the plaintiff's in-cell restraints, in such a way as to minimize the plaintiff's suffering due to the restraints, and injuries. Her purpose to conceal the plaintiff's true condition and make it appear as if he was not suffering was to cover up for the defendant officers assault on the plaintiff and defendant nurse Kay denying him medical treatment.

## Deliberate Indifference/Supervisory Liability

31) Defendant McGill, Light, and Salius knew or should have known that the plaintiff was violently assaulted without reason by defendant officers and then

-12-

maliciously placed on in-cell restraint status. There were reports and camera video footage of the incident described herein, therefore the defendants had knowledge of the assault. As supervisory officials defendants McGill, Light, and Salius deliberately refused to take any form of action at all to remedy the wrong done by the defendant officers who assaulted the plaintiff.

32) Defendants McGill, Light, and Salius were put on notice by the plaintiff's oral and written complaints concerning his assault by the defendants officers and placed on in-cell restraint status and being denied medical treatment by defendant nurse Kay. Defendants McGill, Light, and Salius knowingly and intentionally ignored the fact that the plaintiff's constitutional rights had been violated.

## Exhaustion of DOC-State Administrative Remedies

33) The plaintiff had exhausted the "DOC" administrative grievance procedures available at

-13-

the "NCI" in an attempt to solve the problem. The plaintiff had present the facts relating to this complaint on Jan. 20, 2009, and approximately 30 later the plaintiff received a time extension from the grievance coordinator on Feb. 27, 2009. Then the plaintiff filed two level 2 appeals grievances on April 8, 2009, and he never received a response for them, so on May 21, 2009, the plaintiff filed the final and last level 3 appeals grievances.

## Legal Claims

34) The plaintiff reallege and incorporate by reference paragraphs 1-33

35) Defendants Officers Mullen, Prior, and Brace use of Excessive Force violated the plaintiff's rights, and constituted cruel and unusual punishment under the Eighth Amendment of the United States Constitution.

36) Defendants Lieutenants McCormick, and Rae, subject the plaintiff to cruel and unusual punishment and condition of confinement with Excessive and unnecessary use of Restraints in violation of his rights under the Eighth Amendment of the United States Constitution.

37) Defendant Nurses Kay, and Sanders Deliberate Indifference to the plaintiff's serious medical needs violated the plaintiff's rights and constituted cruel and unusual punishment under the Eighth Amendment of the United States Constitution.

38) Defendants Prior, Brace, Mullen, McCormick, Rae, Wright, Sanders, and Kay, Intentional and Deliberate Conspiracy to file false incident reports to assist and cover up the assault and denial of medical treatment by the defendants violated the plaintiff's rights and Constituted cruel and unusual punishment under the Eighth, Fourteeth Amendment of the United States Constitution.

39) Defendants McGill, Light, and Salius Supervisory Liability, Failure to supervise and Deliberate Indifference to plaintiff's oral and written complaints was an affirmative link to the violation caused by their officers which violated the plaintiff's rights under Eighth Amendment of the United States Constitution.

## Prayer For Relief

Wherefore, the plaintiff respectfully prays that this court enter judgment granting plaintiff:

1) Compensatory damages in the amount of $250,000.00 against each defendant, jointly and severally.

2) Punitive damages in the amount of $750,000.00 against the defendants.

3) A jury trial on all issues triable by jury.

4) Plaintiff's cost in this suit.

5) Any additional relief this court deems just, proper, and equitable.

I, Cedric Young declare under penalty of perjury that the foregoing is true and accurate to the best of my knowledge and belief.

Date. August 25, 2009

Respectfully Submitted

*Cedric Young*

Cedric Young #250030
(Pro-Se)
Northern Correctional
Institution. 287 Bilton Rd.
P.O. Box 665. Somers
CT. 06071