UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

CEDRIC YOUNG

     V.               CASE NO. 3:09CV1186 (CSH) (TPS)

JEFFREY MCGILL, ET AL.

**RULING ON PENDING MOTIONS**

    Pending before the court are multiple motions to compel and for protective order, a motion to dismiss, a motion for appointment of counsel and a motion for expedited ruling on pending motions.  For the reasons set forth below, the first motion to compel will be granted in part and denied in part.  The other motions will be denied.

**I.  Second Amended Complaint and Motion to Dismiss**
    **[Docs. Nos. 51, 55]**

    The plaintiff commenced this civil rights action on July 27, 2009.  On January 26, 2010, he filed an Amended Complaint asserting claims of excessive use of force, unconstitutional conditions of confinement, deliberate indifference to medical needs and conspiracy arising from an incident that occurred on January 5, 2009 at Northern Correctional Institution.  (See Doc. No. 6.)  On May 5, 2010, the court ruled that all of these claims would proceed against defendants Warden Jeffrey McGill, Captain Scott Salius, Lieutenants McCormick and Rae, Correctional Officers Prior, Mullen and Brace, Dr. Carson Wright and Nurses Wendy Sanders and Kay in their individual capacities.

The defendants seek to dismiss the claims in the Amended Complaint against defendants Light, Salius and McGill.  On April 5, 2011, in response to the motion to dismiss, the plaintiff filed a Declaration requesting permission to file a second amended complaint to address the deficiencies set forth in the motion to dismiss.  A clerk docketed the Second Amended Complaint on April 6, 2011.  (*See* Doc. No. 55.)

The Federal Rules of Civil Procedure provide that a plaintiff may amend his complaint once as of right "within 21 days after serving [the complaint] or . . . [within] 21 days after service of a" pleading responsive to the complaint "or 21 days after service of a motion" to dismiss, for more definite statement or to strike, whichever is earlier."  Rule 15(a)(1), Fed. R. Civ. P.  The defendants object to the filing of the Second Amended Complaint because the plaintiff did not seek leave to file it.

The plaintiff amended his complaint as of right when he filed his first Amended Complaint on January 26, 2010.  Furthermore, the Second Amended Complaint was filed on April 5, 2011, more than twenty-one days after service of the First Amended Complaint.[1]  Thus, the Second Amended Complaint should not have been docketed because the plaintiff did not formally move for leave to amend and the court did not grant him

---

[1] The docket sheet reflects that the defendants in the First Amended Complaint were served in May and June 2010.

2

permission to file a Second Amended Complaint.

The court, however, will now liberally construe the plaintiff's Declaration [Doc. No. 54] in opposition to the motion to dismiss to include a request for leave to file a second amended complaint.  Federal Rule of Civil Procedure 15(a)(2) provides that after having once amended a pleading, "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."

In addition to the claims and defendants set forth in the first Amended Complaint, the plaintiff includes several new claims and two new defendants in the Second Amended Complaint.  The Second Amended Complaint includes a claim regarding the issuance of a disciplinary report for threats allegedly made by the plaintiff during the January 5, 2009 incident described in the Amended Complaint.  Defendant Mullen issued this disciplinary report.  The plaintiff seeks to add claims that defendants Brace and Prior denied him procedural due process in connection with the hearing that was held to dispose of the disciplinary report.  The plaintiff alleges that the disciplinary hearing officer found him guilty and imposed sanctions of twenty days confinement in punitive segregation, ninety days loss of telephone privileges and ninety days loss of commissary privileges.  The plaintiff seeks to add District Administrator Wayne Choinski as a defendant because he upheld the sanctions imposed as a result of the guilty

3

finding.

The plaintiff also seeks to add Health Services Administrator Hicock as a defendant as well as claims that Administrator Hicock was deliberately indifferent to injuries he suffered on January 5, 2009 and to his allegations that defendant Nurse Kay had minimized his wrist injuries and denied him medical care.

The claims that the plaintiff seeks to add are related to and/or arise from the central claims in the Amended Complaint regarding the alleged use of force and denial of medical care on January 5, 2009.  Furthermore, if the court were to deny the plaintiff leave to assert these new claims in this action and direct him to file a another action including those claims, it is likely that the action would be barred by the three-year statute of limitations as they occurred in January and February 2009. *See Lounsbury v. Jeffries*, 25 F.3d 131, 134 (2d Cir. 1994) (applying Connecticut's three year statute of limitations to actions brought pursuant to 42 U.S.C. § 1983).  The court concludes that the addition of these claims and new defendants will not unduly prejudice the existing defendants or significantly delay this action.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (the court considers such factors as undue delay, bad faith, dilatory motive, undue prejudice and futility of the amendment, in determining whether to grant leave to amend).

Accordingly, the court grants the plaintiff's motion for

leave to file the Second Amended Complaint *nunc pro tunc*. Because the plaintiff has filed a Second Amended Complaint that addresses the arguments asserted by the defendants in their motion to dismiss and asserts new claims against two new defendants, the court denies the motion to dismiss without prejudice.  The defendants may file a new motion to dismiss addressed to the Second Amended Complaint after the Second Amended Complaint has been served on the two new defendants.

**II.   Motions for Protective Order [Docs. Nos. 56, 61]**

On September 11, 2010, the plaintiff mailed Interrogatories and a Request for Production of Documents to counsel for the defendants.  The Interrogatories were addressed to defendants Wright, Sanders, Kay, Prior and McGill and the Request for Production was addressed to defendant Prior.  On November 3, 2010, the court granted the defendants an extension of time until December 27, 2010 to respond to these discovery requests.  On February 10, 2011, the court granted the defendants a second extension of time until April 1, 2011 to respond to these discovery requests and indicated that no further extensions of time would be granted for any reason.  On December 28, 2010, the plaintiff mailed Requests for Admission addressed to defendant Prior to counsel for the defendants.

On March 7, 2011, defendants moved to dismiss the claims against them.  On April 1, 2011, defendant Prior mailed his responses to the Requests for Admission to the plaintiff.  On

April 12, 2011, counsel for the defendants filed a motion for protective order seeking to be excused from responding to plaintiff's discovery requests until after the court's ruling on a second motion to dismiss addressed to the Second Amended Complaint that counsel intended to file in the future.

On June 24, 2011, the plaintiff filed a motion to compel the defendants to respond to his September 2010 Interrogatories and Request for Production of Documents.  On August 8, 2011, the plaintiff filed a motion to compel defendant Prior to answer his Requests for Admission.  On August 23, 2011, counsel for the defendants moved for a second protective order seeking to be excused from responding to plaintiff's discovery requests until the court rules on whether the first or second amended complaint is the operative amended complaint.

A party seeking a stay of discovery pursuant to Federal Rule of Civil Procedure 26(c) bears the burden of demonstrating good cause.  "Although not expressly authorized by statue or rule, ... the federal district courts have discretion to impose a stay of discovery pending the determination of dispositive motions by the issuance of a protective order."  *Hachette Distribution, Inc. v. Hudson County News Co., Inc.*, 136 F.R.D. 356, 358 (E.D.N.Y.1991) (citing cases).  Merely filing a dispositive motion, however, even if the motion "attack[s] the jurisdiction of the district court, does not warrant the issuance of a stay under [Federal] Rule 26(c)."  *United States v. County of Nassau*, 188 F.R.D. 187,

188 (E.D.N.Y. 1999).

Here, the defendants' responses to the September 2010 Interrogatories and Request for Production were due by April 1, 2011.  The court had clearly warned the defendants that no further extensions of time to respond to these discovery requests would be granted.  The fact that three defendants filed a motion to dismiss on March 7, 2011, is insufficient to warrant a stay of discovery.  Furthermore, the defendants did not move for a protective order until April 12, 2011, after the deadline for responding to the September 2010 discovery requests had elapsed.  Thus, the motions for protective order were untimely.  In addition, the motion to dismiss filed on March 7, 2011, was only addressed to defendants McGill, Light and Salius.  The defendants provide no basis for granting a protective order with regard to discovery requests directed to other defendants.  Nor has counsel asserted that it would be burdensome for defendant McGill to respond to the September 2010 interrogatories.  Furthermore, counsel has provided no authority permitting the court to grant a stay of discovery to allow her to possibly file of a motion to dismiss in the future.  Accordingly, the motions for protective order are denied for lack of good cause shown.

**III. Motions to Compel [Docs. Nos. 58, 60]**

The plaintiff seeks to compel defendants to respond to his September 11, 2010 Interrogatories addressed to defendants Wright, Sanders, Kay and McGill and Interrogatories and a Request

7

for Production of Documents addressed to defendant Prior. Because the court has denied the motion to dismiss the Amended Complaint and has denied the motions for protective order, the motion to compel is granted. The defendants shall respond to these discovery requests within thirty days of the date of this order.

To the extent that the plaintiff seeks sanctions against the defendants for their failure to respond to these discovery requests, the motion is denied without prejudice. The motion may be renewed if the defendants fail to respond to the interrogatories and request for production within thirty days.

The plaintiff also challenges defendant Prior's responses to the December 2010 Requests for Admission. Federal Rule 36(a)(6) provides that "[t]he requesting party may move to determine the sufficiency of an answer or objection. Unless the court finds an objection justified, it must order that an answer be served."

The plaintiff claims that he mailed the Requests for Admission directed to defendant Prior on December 28, 2010. It is unclear when counsel for defendant Prior received the Request for Admissions. On April 1, 2011, counsel mailed defendant Prior's responses to the Requests for Admission to the plaintiff. The Requests for Admission and defendant Prior's responses are attached to the plaintiff's motion to compel. (*See* Mot. Compel, Doc. No. 60 at 5-17.)

The plaintiff argues that defendant Prior's responses to

8

paragraphs one, two, seven, eight, ten, eleven, thirteen and twenty-eight of the Requests for Admission are insufficient. Paragraph one is worded as follows: "The plaintiff was already in full body restraints upon the actual time of the assault underdate 1/5/09." *Id.* at 7. Defendant Prior responded as follows: "The term full body restraints is not a term with which the Department of Corrections is familiar. Denied as to any allegation of an assault on January 5, 2009." *Id.* at 14. The plaintiff does not explain what he finds objectionable or insufficient about the response to paragraph one. The court concludes that the answer to paragraph one is sufficient.

Defendant Prior responded to paragraphs two, seven, eight, ten, eleven, thirteen and twenty-eight in the same manner. He stated that the requests were "couched in interrogatory form and not as a request for admission." *Id.* at 14-15, 17. The court concludes that the objections to these paragraphs are justified. The sentences are not statements of fact that can be admitted or denied. Rather they are questions or interrogatories. Accordingly, the motion to compel is denied. The plaintiff may re-characterize the sentences in his requests for admission as interrogatories and serve those interrogatories on defendant Prior.

**IV.  Motion for Appointment of Counsel [Doc. No. 63]**

The plaintiff has renewed his request for the appointment of *pro bono* counsel. The Second Circuit has made clear that before

9

an appointment is even considered, the indigent person must demonstrate that he is unable to obtain counsel. *See Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986), *cert. denied*, 502 U.S. 996 (1991).

The plaintiff states that he has attempted to contact two attorneys who have declined to represent him. In addition, he has contacted a law school clinic. The supervising attorney indicated that the legal clinic would not be able to represent the plaintiff due to limited resources.

It is evident from many of the attachments to the motion for appointment of counsel that an attorney from the Inmates' Legal Assistance Program is attempting to assist the plaintiff with this action. The attorney responded to numerous letters sent to him by the plaintiff from August 11, 2009 to August 24, 2011. The plaintiff's motion for appointment of counsel was signed on September 8, 2011 and filed with the court on September 12, 2011.

The court concludes that the plaintiff has not demonstrated that he is unable to secure legal assistance without the intervention of the court. Accordingly, the plaintiff's motion for appointment of counsel is denied without prejudice.

**V.    Motion for Emergency Relief [Doc. No. 65]**

The plaintiff asks the court to rule on his motions to compel. As the court has ruled on these motions, the relief sought by the plaintiff is moot. The motion for emergency relief is denied.

**CONCLUSION**

The plaintiff's Declaration [**Doc. No. 54**] in opposition to the Motion to Dismiss, which the court has construed as a Motion for leave to file a second amended complaint, is **GRANTED** *nunc pro tunc*. In view of the filing of the Second Amended Complaint [**Doc. No. 55**], the Motion to Dismiss [**Doc. No. 51**] is **DENIED** without prejudice. The defendants may file a new motion to dismiss addressed to the Second Amended Complaint after the Second Amended Complaint has been served on the two new defendants.

The Motions for Protective Order [**Docs. Nos. 56, 61**] are **DENIED** for lack of good cause shown. The Motion to Compel and for Sanctions [**Doc. No. 58**] is **GRANTED** to the extent that it seeks a court order directing defendants Wright, Sanders, Kay and McGill to respond to his September 11, 2010 Interrogatories and a court order directing defendant Prior to respond to his September 11, 2010 Interrogatories and Request for Production of Documents and is **DENIED** without prejudice in all other respects. **The defendants shall respond to these discovery requests within thirty days of the date of this order. No extensions of this deadline will be granted for any reason.** The plaintiff may re-file his motion for sanctions if the defendants fail to respond to the September 2010 interrogatories and request for production within thirty days.

The Motion to Compel [**Doc. No. 60**] defendant Prior to respond to the December 2010 Requests for Admission is **DENIED**. The Motion for Appointment of Counsel [**doc. # 63**] is **DENIED** without prejudice.  Any renewal of this motion shall be accompanied by a summary of the plaintiff's attempts to obtain counsel or legal assistance and the reasons why assistance or representation was unavailable.  The Motion for Emergency Relief [**Doc. No. 65**] is **DENIED**.

**After docketing this ruling, the docket clerk shall immediately contact the Prisoner Litigation Unit in the Office of the Clerk in Bridgeport with regard to service of the Second Amended Complaint on defendants Wayne Choinski and Brian Hicock.** Within fourteen (14) days of this Order, the Pro Se Prisoner Litigation Office shall ascertain from the Department of Correction Office of Legal Affairs the current work addresses for **defendants Choinski and Hicock** and mail waiver of service of process request packets, including a copy of the **Second Amended Complaint,** to defendant Choinski in his individual capacity and defendant Hicock in his individual capacity at his or her current work address.  On the thirty-fifth (35th) day after mailing, the Pro Se Office shall report to the court on the status of all waiver requests.  If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service and the defendant shall be required

to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

The defendants shall file their response to the Second Amended Complaint, either an answer or a motion to dismiss, within sixty days of the date of this order.  Any further discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within 120 days of the date of this order.  All motions for summary judgment shall be filed within 150 days of the date of this order.

SO ORDERED in New Haven, Connecticut, this 11th of May, 2012.

                                   *Charles S. Haight, Jr.*
                                   Charles S. Haight, Jr.
                                   Senior United States District Judge